Mr. Chief Justice Johnson delivered the opinion of the Court. This is an application, made by the petitioner, as late sheriff of Pulaski county, for a writ of Mandamus, against the clerk of the circuit court of said county, to compel him to issue a certificate of fees due him as such sheriff, and also a fieri facias clause ordering a levy and sale of the party’s property, in case of his failure to pay the same within fifteen days after demand made. The 30th sec. of ch. 68, Digest, provides that “All officers and witnesses entitled to fees by this law for services rendered in any suit, matter or controversy depending in any court of record, may make out fee bills for such services, at the end of each term of the court wherein the same is pending, charging the party at whose instance the services were rendered.” The 31st further provides that “ such fee bill shall be examined by the clerk of the court in which the services were rendered, and, if found correct, the clerk shall certify the fee bill, and deliver the same to the sheriff of the proper county to be by him collected”: and the 32d further declares that, “when any fee bill shall come to the hands of any sheriff, or other officer, to be collected, and the person or persons against whom such fee bill is issued, shall fail or refuse to pay the amount of such fee bill •within twenty days after the same shall be presented, such sheriff, or other officer, may and shall levy such fee bill, and the amount claimed thereon, on the goods and chattels of such person or persons, and expose the same to sale within sixty days from the date of such levy, giving ten day’s notice of the time and place of such sale by at least four advertisements, put up in four of the public places in his county, and it shall not be lawful for the person or persons, against whom said fee bill is issued, to delay the payment of said fee bill in any manner whatever.” These three sections fully declare the duties of the clerk and-sheriff in the premises. It is the privilege of the officer or witness (as the case may be) to make out his fee bill, and, upon its presentation to the clerk, it is made his duty to examine the same, and, in case it shall be found correct, he is then required, to certify and deliver it to the sheriff of the proper county to be by him collected. It is clear, from the statute, that the clerk is not required, in such cases, to issue any thing but a fee bill, and this, from the party’s own showing, he did not refuse to do, but, on the contrary, expressed a willingness to do so. This being all that could be legally required of him, there is necessarily no ground’ shown which would authorize the interposition of this court. The petition is therefore denied.